José Manuel Alonso Muñoz, Plaintiff and Appellant, *v.* Ramón Nieves Luyando, Defendant and Appellee.

No. 7315. Argued November 25, 1936.—Decided December 11, 1936.

*Román Díaz Collazo* for appellant. *Dubón & Ochoteco* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Alonso brought an action of unlawful detainer on the theory that defendant was a mere tenant at will. Defendant claimed the right of possession under a share cropping contract. The district court held that the evidence in support

of defendant's claim was enough to show that he was a cropper, not a mere tenant at will, and dismissed the action. Plaintiff appeals and says that:

"*First:* The lower court clearly erred in considering and weighing the evidence offered by the parties in this case.

"*Second:* The lower court applied in its judgment the criterion of doubt, instead of applying that of the preponderance of evidence.

"*Third:* The lower court ignored the greater part of the evidence offered by the parties, and hence rendered a judgment which was contrary to the preponderance of evidence.

"*Fourth:* The lower court ignored the clear provisions of the law which establish the procedure to be followed in an action of unlawful detainer.

"*Fifth:* The lower court erred in finding that there was a share cropping contract between the plaintiff and the defendant.

"*Sixth:* The lower court clearly erred in rendering a judgment dismissing the complaint.

"*Seventh:* The lower court committed an abuse of its discretion and grossly violated the law in allowing, without any cause, motive or justification, forty-eight days to elapse after this action was submitted to it, before rendering any judgment."

█ The typewritten transcript of the evidence covers some 236 pages of the record on appeal. The error, if any, in allowing forty-eight days to elapse before the rendition of judgment was not a reversible error.

The third, fourth, fifth and sixth grounds of appeal are not separately discussed by appellant in his brief and need not be separately discussed here. We have carefully examined the voluminous transcript of the evidence and find no clear preponderance in favor of plaintiff on the main issue and no such manifest error on the part of the trial judge in his weighing of the evidence. as to require a reversal.

Sections 9 and 10 of the law governing share cropping contracts approved May 4, 1931 (Laws of that year, page 466), read as follows:

"Section 9.—The landholder may bring an action of unlawful detainer against the cropper for any of the following reasons:

"1. Expiration of the term stipulated, or of that fixed in Section 3 of this Act.

"2. Violation of any of the conditions stipulated in the contract; *Provided,* That in such case the cropper shall have the right to be paid his proportionate share of the crops planted, upon appraisal of experts appointed for the purpose.

"Section 10.—When a property subject to a share-cropping contract is sold, ceded or leased to another person, the cropper may demand that he be permitted to harvest the crop corresponding to the current agricultural year, and the cropper may claim as his such work, plantings or other thing to which he may be entitled."

██ A cropper is not a tenant at will and Section 18 of the law regulating proceedings for unlawful detainer (Code of Civil Procedure, 1933 edition, Section 637) can not be successfully invoked in a case of this kind. The grounds upon which an action for unlawful detainer may be brought against a cropper and the procedure to be followed in such an action are prescribed by Sections 9 and 10 of the Law of 1931, *supra.*

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.